# PD-1352-15

_____

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AT AUSTIN, TEXAS

_____

EDGAR JAVIER GONZALES

Appellant-Petitioner

vs.

THE STATE OF TEXAS

Appellee-Respondent

_____

On Petition for Discretionary Review from the
Fourth Court of Appeals, Guadalupe County
Appeal Number 04-14-00100-CR

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

GREGORY SHERWOOD
Attorney
P.O. Box 200613
Austin, Texas 78720-0613
(512) 484-9029
State Bar No. 18254600
email: gsherwood@mail.com

Attorney for Appellant and Petitioner
EDGAR JAVIER GONZALES

RECEIVED IN
COURT OF CRIMINAL APPEALS

October 16, 2015

ABEL ACOSTA, CLERK

**Oral argument requested**

## Identity of Parties and Counsel

*Edgar Javier Gonzales v. The State of Texas* - seeking discretionary review of No. 04-14-00100-CR

<u>Edgar Javier Gonzales</u> (Appellant):

Edgar Javier Gonzales
TDCJ # 1913487
Telford Unit
3899 Highway 98
New Boston, Texas 75570

Trial Counsel:

Case J. Darwin (appointed)
2206 E. Commerce
San Antonio, Texas 78203

Appellate Counsel:

Gregory Sherwood (appointed)
P.O. Box 200613
Austin, Texas 78720-0613

<u>The State of Texas</u> (Appellee):

Jennifer Smith (trial)
Jane Davis (trial)
Assistant County Attorneys
Guadalupe County Attorney's Office
211 W. Court Street, Suite 362
Seguin, Texas 78155

Edward F. Shaughnessy, III
206 E. Locust
San Antonio, Texas 78212

# Table of Contents

Identity of Parties and Counsel ...................................................................... i

Table of Contents ........................................................................................ ii

Table of Authorities .................................................................................... iv

Statement Regarding Oral Argument ......................................................... vii

Statement of the Case ............................................................................... viii

Statement of Procedural History ................................................................. ix

Grounds Presented for Review ..................................................................... 1

       Issue 1: Tex. Penal Code § 21.02(d) violates the
statutory and state and federal constitutional
requirements of a unanimous jury verdict. The two
acts that the jury do not have to unanimously agree
occurred are not manner and means of committing
the offense of continuous abuse of a child under
age 14.  The jury can decide that up to 24 different
acts occurred (12 jurors each deciding two different
acts occurred), and still obtain a conviction under this statute.  ........... 1

       Issue 2: Does the lesser-included instruction case
law which requires that such instruction be submitted
when the evidence shows that the jury could only
convict the defendant of the lesser-included offense
apply to continuous sexual abuse of a child under
age 14, when the jury may convict by "picking two
acts, any two acts," meaning up to 24 acts can be used
for conviction?  Or should a lesser-included instruction
be permitted in these cases because the jury can decide,
based on its review of the evidence, either that only one
act occurred, or that two or more acts occurred, but in a
time period of less than 30 days? ......................................................... 1

ii

Argument Amplifying Reasons for Granting Review .................................. 1

    Issue 1 is a Recurring Issue that this Court has
    Failed to Decide in Thirteen (13) Cases. ........................................... 1

    The Jury Needs to Unanimously Agree on Which
    Two Acts Occurred Because They are not Manner
    and Means of Committing This Offense. .......................................... 4

    This Court Should Grant Issue 2 to Decide Whether
    a Lesser-Included Instruction Should be Permitted in
    Continuous Sexual Abuse Cases Without a Requirement
    that the Evidence Show Only the Lesser Offense Occurred. .............. 8

Conclusion and Prayer for Relief ................................................. 11

Certification of Word Count Compliance .................................... 12

Appendix

Fourth Court of Appeals' August 26, 2015
judgment and unpublished opinion

iii

# Table of Authorities

Cases

*Bays v. State*, No. 06-10-00114-CR
(Tex. App. – Texarkana 2011, pet. ref'd)
(not designated for publication) ................................................................ 3

*Casey v. State*, 349 S.W.3d 825
(Tex. App. – El Paso 2011, pet. ref'd) ....................................................... 3

*Dixon v. State*, 201 S.W.3d 731 (Tex. Crim. App. 2006) ...................... 4-6, 8

*Fulmer v. State*, 401 S.W.3d 305
(Tex. App. – San Antonio, pet. ref'd),
*cert. denied*, 134 S.Ct. 436 (2013) .......................................................... 4, 6

*Henry v. State*, No. 08-11-00221-CR
(Tex. App. – El Paso 2013, pet. ref'd)
(not designated for publication) ................................................................ 3

*Henshaw v. State*, No. 05-10-00104-CR
(Tex. App. – Dallas 2011, pet. ref'd)
(not designated for publication) ................................................................ 3

*Hernandez v. State*, No. 05-10-00493-CR
(Tex. App. – Dallas 2011, pet. ref'd)
(not designated for publication) ................................................................ 3

*Jacobsen v. State*, 325 S.W.3d 733
(Tex. App. – Austin 2010, no pet.) ........................................................... 5, 7

*Kennedy v. State*, 385 S.W.3d 729
(Tex. App. – Amarillo 2012, pet. ref'd),
*cert. denied*, 134 S.Ct. 681 (2013) .......................................................... 4, 7

*Lewis v. State*, No. 02-10-00004-CR
(Tex. App. – Fort Worth 2011, pet. ref'd)
(not designated for publication) ................................................................... 3

*Martin v. State*, 335 S.W.3d 867
(Tex. App. – Austin 2011, pet. ref'd),
*cert. denied*, 133 S. Ct. 645 (Nov. 26, 2012),
*reh. denied*, 133 S.Ct. 1000 (Jan. 22, 2013) .............................................. 3, 7

*Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005) ............................... 5

*Ramirez v. State*, No. 05-10-00139-CR
(Tex. App. – Dallas 2011, pet. ref'd)
(not designated for publication) ................................................................... 3

*Reckart v. State*, 323 S.W.3d 588
(Tex. App. – Corpus Christi 2010, pet. ref'd) ........................................ 3, 5, 7

*Render v. State*, 316 S.W.3d 846
(Tex. App. – Dallas 2010, pet. ref'd),
*cert. denied*, 131 S.Ct. 1533 (U.S. 2011) ............................................. 3, 5, 7

*State v. Espinoza*, No. 05-09-01260-CR
(Tex. App. – Dallas 2010, pet. ref'd)
(not designated for publication) ................................................................... 2

*State v. Rabago*, 81 P.3d 1151 (Haw. 2003) ............................................ 6, 7

Constitutional Provision, Statutes and Rules

Tex. Penal Code § 20A.03 ............................................................................ 2

Tex. Penal Code § 21.02 ............................................................................... 4

Tex. Penal Code § 21.02(b) .......................................................................... 1

Tex. Penal Code § 21.02(d) ....................................................... viii, 1, 2, 4

Tex. Penal Code § 25.11  .............................................................. 2

Tex. R. App. P. 9.4(i)(1)  ............................................................. 12

Tex. R. App. P. 66.3(b)  ............................................................... 4

Tex. R. App. P. 68.2(a)  ............................................................... ix

U.S. Const. Amend. VI  ............................................................... 6

Other Authority

Note, *Jury Unanimity and the Problem with Specificity:*
*Trying to Understand What Jurors Must Agree About by*
*Examining the Problem of Prosecuting Child Molesters*,
91 Tex. L. Rev. 1203 (April 2013)  ............................................... 7

_____

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN, TEXAS

_____

EDGAR JAVIER GONZALES

Appellant-Petitioner

vs.

THE STATE OF TEXAS

Appellee-Respondent

_____

On Petition for Discretionary Review from the
Fourth Court of Appeals, Guadalupe County
Appeal Number 04-14-00100-CR

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

NOW COMES appellant and petitioner EDGAR JAVIER

GONZALES, who files his petition for discretionary review, respectfully

stating as follows:

Statement Regarding Oral Argument

Petitioner requests oral argument.

Statement of the Case

Edgar Javier Gonzales seeks discretionary review of the unpublished opinion and judgment of the Fourth Court of Appeals, attached as an appendix, which affirmed his jury conviction for one count of continuous sexual assault of a child younger than age 14. *Slip op.* at 1. The jury heard punishment evidence and rendered a punishment verdict of life imprisonment and a $10,000 fine. *Id*.

The first issue presented in this petition is whether Tex. Penal Code § 21.02(d), the continuous sexual abuse of a child under age 14 statute, violates statutory and constitutional requirements of a unanimous jury verdict by permitting the jury to convict by deciding that the defendant committed any two acts which occurred 30 days or more apart, without requiring the jury to unanimously agree on which two acts occurred. The Fourth Court of Appeals, following prior appellate opinions, held that this statute did not violate statutory and constitutional jury unanimity requirements. *Slip op.* at 14-16.

The second issue presented in this petition is whether the trial court erred in failing to include petitioner Gonzales' requested lesser-included offense instruction for aggravated sexual assault of a child. The Fourth

Court of Appeals held that the instruction did not need to be included because the evidence did not show that the jury could convict petitioner Gonzales of aggravated sexual assault of a child only (by finding that only one act occurred) instead of finding him guilty of continuous sexual abuse of a child under age 14, which requires a showing that two or more acts occurred over a 30 day or more time period, with the jury not required to agree on which two acts occurred. *Slip op.* at 3-6.

Statement of Procedural History

The Fourth Court of Appeals affirmed the conviction in its August 26, 2015 judgment and unpublished opinion. Petitioner timely filed his motion for rehearing on September 10, 2015, which was overruled on September 23, 2015, making this petition for discretionary review due by October 23, 2015. Tex. R. App. P. 68.2(a).

## Grounds Presented for Review

Issue 1: Tex. Penal Code § 21.02(d) violates the statutory and state and federal constitutional requirements of a unanimous jury verdict. The two acts that the jury do not have to unanimously agree occurred are not manner and means of committing the offense of continuous abuse of a child under age 14. The jury can decide that up to 24 different acts occurred (12 jurors each deciding two different acts occurred), and still obtain a conviction under this statute.

Issue 2: Does the lesser-included instruction case law which requires that such instruction be submitted when the evidence shows that the jury could only convict the defendant of the lesser-included offense apply to continuous sexual abuse of a child under age 14, when the jury may convict by "picking two acts, any two acts," meaning up to 24 acts can be used for conviction? Or should a lesser-included instruction be permitted in these cases because the jury can decide, based on its review of the evidence, either that only one act occurred, or that two or more acts occurred, but in a time period of less than 30 days?

## Argument Amplifying Reasons for Granting Review

### Issue 1 is a Recurring Issue that this Court has Failed to Decide in Thirteen (13) Cases.

A person commits the offense of continuous abuse of a child under age 14 if during a period of 30 days or more in duration, a person who is age 17 or older commits two or more acts of sexual abuse against one or more victims who are under the age of 14. Tex. Penal Code § 21.02(b).

Subsection (d) states, "If a jury is the trier of fact, members of the jury are

1

not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." Tex. Penal Code § 21.02(d). Since 2007, the legislature has enacted two more continuous offense statutes with similar language, the continuous violence against the family statute, Tex. Penal Code § 25.11, enacted in the 2009 regular legislative session, and the continuous trafficking of persons statute, Tex. Penal Code § 20A.03, enacted in the 2011 regular session.

Mr. Gonzales raised the issue of the constitutionality of this statute in ¶ 2 of his motion for new trial. Clerk's Record ("CR") 273-277. This court has not yet ruled upon the constitutionality of Tex. Penal Code § 21.02. However, this court was presented with this issue in the following thirteen (13) cases, all of which were denied review:

| Date of refusal of discretionary review | Case |
|---|---|
| August 25, 2010 | *State v. Espinoza*, No. 05-09-01260-CR (Tex. App. – Dallas 2010, pet. ref'd) (not designated for publication) |

September 15, 2010          *Render v. State*, 316 S.W.3d 846 (Tex. App. –
                           Dallas 2010, pet. ref'd), *cert. denied*, 131 S.Ct.
                           1533 (2011)

February 9, 2011           *Reckart v. State*, 323 S.W.3d 588 (Tex. App. –
                           Corpus Christi 2010, pet. ref'd)

September 14, 2011         *Henshaw v. State*, No. 05-10-00104-CR (Tex. App.
                           – Dallas 2011, pet. ref'd) (not designated for
                           publication)

October 5, 2011            *Martin v. State*, 335 S.W.3d 867 (Tex. App. –
                           Austin 2011, pet. ref'd), *cert. denied*, 133 S. Ct.
                           645 (Nov. 26, 2012), *reh. denied*, 133 S.Ct. 1000
                           (Jan. 22, 2013)

October 19, 2011           *Ramirez v. State*, No. 05-10-00139-CR (Tex. App.
                           – Dallas 2011, pet. ref'd) (not designated for
                           publication)

November 16, 2011          *Lewis v. State*, No. 02-10-00004-CR (Tex. App. –
                           Fort Worth 2011, pet. ref'd) (not designated for
                           publication)

January 25, 2012           *Casey v. State*, 349 S.W.3d 825 (Tex. App. – El
                           Paso 2011, pet. ref'd), and

                           *Hernandez v. State*, No. 05-10-00493-CR (Tex.
                           App. – Dallas 2011, pet. ref'd) (not designated for
                           publication)

March 28, 2012             *Bays v. State*, No. 06-10-00114-CR (Tex. App. –
                           Texarkana 2011, pet. ref'd) (not designated for
                           publication) (appellant's PDR refused)

March 27, 2013             *Henry v. State*, No. 08-11-00221-CR (Tex. App. –
                           El Paso 2013, pet. ref'd) (not designated for
                           publication)

April 17, 2013          *Kennedy v. State*, 385 S.W.3d 729 (Tex. App. –
                        Amarillo 2012, pet. ref'd), *cert. denied*, 134 S.Ct.
                        681 (2013)

May 15, 2013           *Fulmer v. State*, 401 S.W.3d 305 (Tex. App. – San
                        Antonio, pet. ref'd), *cert. denied*, 134 S.Ct. 436
                        (2013).

Whether Tex. Penal Code § 21.02 violates the statutory and

constitutional requirements of a unanimous jury verdict is an issue which is

recurring in the appellate courts of this state. This court should exercise its

power of discretionary review under Tex. R. App. P. 66.3(b) to decide this

important, recurring issue.

The Jury Needs to Unanimously Agree on Which Two Acts Occurred
Because They are not Manner and Means of Committing This Offense.

The Fourth Court's reasoning in this case, also stated in other cases

which have upheld the constitutionality of Tex. Penal Code § 21.02(d), that

the statute does not violate jury unanimity because the two acts to be decided

are merely manner and means of committing the offense, and not elements

of the offense, is incorrect. If this is true, the jury can find that up to 24 acts

occurred (12 jurors times 2 different acts per juror) and still obtain a

conviction under this statute.

Judge Cochran's suggestion in her concurring opinion in *Dixon v.*

*State*, 201 S.W.3d 731 (Tex. Crim. App. 2006), that the legislature should

4

enact a statute which would criminalize a continuing course of sexual misconduct, yet still "preserve our bedrock criminal-procedure principles of double jeopardy, jury unanimity, due-process notice, grand-jury indictments and election law[,]" *id.*, at 737 (Cochran, J., concurring) has not been complied with. This statute eliminates any requirement of jury unanimity because the appellate courts have misinterpreted the two acts to be proven as manner and means of committing the offense that do not require jury unanimity. *Slip op.* at 5. *See also, Render*, 316 S.W.3d at 856-857, and *Reckart*, 323 S.W.3d at 600-610, which both distinguish this court's opinion in *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005) to reach this result, and *Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App. – Austin 2010, no pet.), which states that the "two or more" acts to be proven are merely "manner and means" of committing the offense. Under this reasoning, a jury may find someone guilty of continuous abuse simply by finding that, "We heard evidence of several acts, so the defendant must have committed two of them over a period of 30 days or more," with each juror disagreeing on which two acts occurred.

Instead of preserving jury unanimity, this statute does precisely what the dissenting opinion in *Dixon*, an aggravated sexual assault of a child case involving possibly 100 different acts, warned against:

> Further, with one hundred undifferentiated incidents to consider as evidence of one charged offense, there is a distinct danger that the jurors will not only fail to reach a unanimous verdict in convicting the defendant, but that they could convict on as many as twelve different incidents. Whatever the jeopardy implications, clearly such a verdict would meet neither the unanimous jury guarantee of the Texas Constitution [footnote omitted], nor the "substantial majority" requirement of the Sixth Amendment. [Footnote omitted.] Error of this kind vitiates the entire jury verdict, calling into question whether the appellant received the jury trial guaranteed by the Sixth Amendment at all.

*Dixon*, 201 S.W.3d at 738-39 (Price, J., dissenting, joined by Meyers and Johnson, JJ.) (bracketing added).

The reasoning of the Supreme Court of Hawai'i in *State v. Rabago*, 81 P.3d 1151 (Haw. 2003), which struck down that state's similar statute, is more persuasive and should be followed by this court, because the Hawai'i court recognized under that state's case law that the underlying acts are separate and distinct offenses. *Id.*, at 1168. Several intermediate courts in Texas, including this one, have considered and disagreed with the reasoning of the Supreme Court of Hawaii in *State v. Rabago*, 81 P.3d 1151, 1168 (2003), which struck down that state's similar statute. *See Fulmer*, 401

6

S.W.3d at 312, n. 1; *Martin*, 335 S.W.3d at 873; and *Kennedy*, 385 S.W.3d at 732, n. 6.  The *Rabago* holding is more persuasive, because it recognizes that the underlying acts are separate and distinct offenses.  *Id.*, 81 P.3d at 1168.[1]  The Hawai'i Supreme Court's holding conflicts with the Texas decisions that hold that the two underlying acts of abuse are merely "manner and means" of committing the offense.  *See also Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App. – Austin 2010, no pet.), which states that the "two or more" acts to be proven are merely "manner and means" of committing the offense; *Render v. State*,316 S.W.3d 846, 856-857 (Tex. App. – Dallas 2010, pet. ref'd), *cert. denied*, 131 S.Ct. 1533 (2011), and *Reckart v. State*, 323 S.W.3d 588, 600-601 (Tex. App. – Corpus Christi-Edinburg 2010, pet. ref'd).

---

[1] *Rabago* was decided under Hawai'i state law, and was later repealed by the Hawai'i Legislature which amended the state constitution, which was then approved by the voters, and the legsilature then enacted another continuous abuse statute.  *See* Note, *Jury Unanimity and the Problem with Specificity: Trying to Understand What Jurors Must Agree About by Examining the Problem of Prosecuting Child Molesters*, 91 Tex. L. Rev. 1203, 1209 (April 2013).  However, any conflict in reasoning on whether a conviction for this type of statute requires jury unanimity for the underlying acts (Hawai'i before amendment of its state constitution), or does not (Texas), would also apply to a constitutional analysis on whether the Texas statute violates either the requirements of due process, due course of law, or a unanimous jury verdict by permitting jurors to find someone "probably guilty" of continuous abuse since the jury does not have to unanimously agree which two acts occurred.

As noted above, the three dissenting judges on this court in *Dixon v. State*, *supra*, predicted that the legislature would pass a statute that would allow jurors to convict on as many as 12 different acts. *Id.*, 201 S.W.3d at 738-739 (Price, J., dissenting, joined by Meyers and Johnson, JJ.). Actually, the legislature has passed a statute which doubles that number, for 24 different acts may be found by the 12 jurors to have occurred to secure a conviction under the continuous abuse statute. This court should grant review to decide this important, recurring question of whether the continuous abuse statute violates the constitutional and statutory requirements for jury unanimity.

### This Court Should Grant Issue 2 to Decide Whether a Lesser-Included Instruction Should be Permitted in Continuous Sexual Abuse Cases Without a Requirement that the Evidence Show Only the Lesser Offense Occurred.

At the charge conference, petitioner Gonzales requested a lesser-included offense charge instruction asking the jury to find appellant guilty of aggravated sexual assault of a child if the jury found that appellant "committed multiple acts within 30 days or only one act to wit: 1st day of November, 2007 through the 16th day of November, 2009. . . ." CR 221, full requested charge at CR 221-223. The following discussion took place concerning this requested charge:

8

THE COURT:    It's my understanding, from your prior argument, when we were in a more informal setting was that you were objecting to the inclusion of a lesser included offense, not based on the fact that the alleged acts were not – lesser included offenses, they are, but that there was no evidence presented by the Defendant that there was any time period shorter than one month.

[Prosecutor]:    That's correct, your Honor.

RR vol. 10, p. 130, l. 3-12.  After discussion of other proposed changes to the charge, the trial court denied appellant's requests to the charge.  RR vol. 10, p. 132, l. 9-15.

The Fourth Court discussed this issue at pages 3-6 of its attached slip opinion, agreeing that aggravated sexual assault of a child (which only requires one act) is a lesser-included offense of continuous sexual abuse of a child (which requires more than one act). *Slip op.*, at 4.  However, the appellate court held that the instruction was not required because petitioner's argument that the jury could find that only one act occurred was based on a weighing of credibility and conflicts in the testimony, which cannot be considered in deciding whether a lesser-included offense instruction is required. *Slip op.*, at 5.  The court concluded that since the child testified about multiple acts from 2007 to 2009, and "Gonzales . . . completely denied

9

that he was ever alone with the child, thereby ruling out any chance he sexually assaulted her[,] . . . there is no evidence that would permit the jury to rationally acquit Gonzales of the greater offense and still convict him of the lesser." *Slip op.*, at 6.

Under this reasoning, the only time a lesser-included offense instruction for aggravated sexual assault of a child would be required in a continuous sexual abuse prosecution would be when the defendant testified, "Yes, I sexually assaulted the child, but only once," or "I assaulted the child two or more times, but the time period of these events was less than 30 days." The likelihood of that ever happening is slim to none. Yet, the jury may convict a defendant of continuous sexual abuse by finding that up to 24 acts occurred, since the jury does not need to agree on which two acts occurred, and there are 12 jurors in a felony trial. If this is permissible, it seems that a lesser-included offense instruction requested by a defendant should be included irrespective of whether the evidence shows that either only one act occurred, or that multiple acts occurred in a time frame of less than 30 days.

Because of the unique nature of the proof needed for a prosecution for continuous sexual abuse of a child under age 14, which permits up to 24 acts

10

to be found by the 12 jurors for a conviction, and because it is highly unlikely that a defendant would ever testify either that only one act occurred, or that multiple acts occurred in a time period of less than 30 days, this court should consider whether a lesser-included offense instruction for aggravated sexual assault of a child should be included in the jury charge when requested by a defendant, irrespective of whether there is any evidence that a defendant committed only the lesser offense.

Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, appellant and petitioner EDGAR JAVIER GONZALES respectfully prays that this court grant this petition for discretionary review, set this cause for oral argument and for briefing on the merits, and that the August 26, 2015 opinion of the Fourth Court of Appeals affirming the conviction for continuous abuse of a child under age 14, be reversed and a judgment of acquittal rendered if the first issue is granted. If the first issue is denied and the second issue is granted concerning the failure to include a lesser-included offense instruction, petitioner Gonzales asks this court to reverse and remand for a new trial.

Respectfully submitted,

/s/ *Gregory Sherwood*

GREGORY SHERWOOD
ATTORNEY
P.O. Box 200613
Austin, Texas 78720-0613
(512) 484-9029
State Bar No. 18254600
email: gsherwood@mail.com

Attorney for Appellant and Petitioner
EDGAR JAVIER GONZALES

Certificate of Service

I hereby certify that a true copy of this document was served by email on October 16, 2015 upon the attorney representing appellee The State of Texas, Edward F. Shaughnessy, III, 206 E. Locust, San Antonio, Texas 78212 at his email address: Shaughnessy727@gmail.com, and upon the Office of the State Prosecuting Attorney, P.O. Box 14306, Austin, Texas 78711at its email address: information@spa.texas.gov.

/s/ *Gregory Sherwood*

Certification of Word Count Compliance

According to the WordPerfect program used to create this document, there are 2,502 words in this petition for discretionary review, excluding the portions listed in Tex. R. App. P. 9.4(i)(1).

/s/ *Gregory Sherwood*

APPENDIX - FOURTH COURT OF
APPEALS' AUG. 26, 2015 JUDGMENT
AND UNPUBLISHED OPINION



# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-14-00100-CR

Edgar Javier **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-2321-CR
The Honorable William Old, Judge Presiding

BEFORE JUSTICE BARNARD, JUSTICE ALVAREZ, AND JUSTICE PULLIAM

In accordance with this court's opinion of this date, the trial court's judgment is AFFIRMED.

SIGNED August 26, 2015.

Marialyn Barnard, Justice



**Fourth Court of Appeals**

San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00100-CR

Edgar Javier **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-2321-CR
The Honorable William Old, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  August 26, 2015

AFFIRMED

A jury convicted appellant Edgar Javier Gonzales of continuous sexual abuse of a child under the age of fourteen. The trial court sentenced Gonzales to life in prison and imposed a $10,000.00 fine. On appeal, Gonzales contends: (1) the trial court erred in refusing his request for a lesser-included offense instruction; (2) the trial court erred in failing to instruct the jury that it could only consider acts that occurred on or after the effective date of the continuous sexual abuse of a child statute, i.e., September 1, 2007, and further erred by denying his motion for new trial based on this error; and (3) section 21.02 of the Texas Penal Code — the continuous sexual abuse

of a child statute — is unconstitutional because it permits the jury to convict without agreeing upon the specific acts committed by the defendant. We affirm the trial court's judgment.

## BACKGROUND

In 2009, approximately five years after Gonzales married her mother, ten-year-old L.W.[1] told her Sunday school teacher that Gonzales, her stepfather, had touched her vagina several times and put his private parts in her mouth. L.W. repeated her allegations to a sexual assault nurse examiner (SANE). When she spoke to the SANE, L.W. added that Gonzales had been touching her inappropriately since she was in the first grade, and she told an interviewer with the Child Advocacy Center that it began when she was in kindergarten — she subsequently denied telling the CAC interviewer that the inappropriate touching began in kindergarten. There were other inconsistencies in L.W.'s statements. At trial, L.W. testified about several sexual acts Gonzales performed upon her when she was ten-years-old. According to L.W., the acts occurred in the family home and adjoining garage. L.W. also testified appellant touched her private parts "like once a week" from 2007 to 2009.

Gonzales testified on his own behalf and denied ever being alone with L.W., much less touching her inappropriately. He also presented the testimony of a family therapist who saw L.W. and other family members from December 2008 to April 2009. The therapist stated L.W. never made a claim of sexual abuse during family therapy.

Ultimately, the jury found Gonzales guilty of continuous sexual abuse of a child under the age of fourteen. The trial court sentenced Gonzales to life in prison and imposed a $10,000.00 fine. Gonzales filed a motion for new trial, which was denied by written order. Thereafter, he perfected this appeal.

---

[1] L.W. was ten-years-old when she made her initial outcry. At the time of trial, she was fifteen-years-old.

ANALYSIS

As set out above, Gonzales raises three issues on appeal — two issues relating to alleged charge error, and one issue relating to the alleged unconstitutionality of section 21.02 of the Texas Penal Code, which is the provision of the Penal Code Gonzales was alleged to have violated. We address each issue in turn.

*Lesser-Included Offense Instruction*

In his first issue, Gonzales contends the trial court erroneously denied his request for a lesser-included offense instruction. Gonzales requested the trial court instruct the jury it could find Gonzales guilty of the offense of aggravated sexual assault of a child. Gonzales claims, based on the evidence, the jury could have found that only one prohibited act occurred or that two or more acts occurred within the same thirty-day period. We disagree.

*Framework for Review*

Whether a defendant is entitled to a lesser-included offense instruction requires a two-step analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)); *Zapata v. State*, 449 S.W.3d 220, 224 (Tex. App.—San Antonio 2014, no pet.). First, we must determine whether the lesser-included offense is included in the proof necessary to establish the charged offense. *Goad*, 354 S.W.3d at 446; *Zapata*, 449 S.W.3d at 224. To make this determination, a court must compare the elements alleged in the indictment with the elements of the potential lesser offense. *Zapata*, 449 S.W.3d at 224 (citing *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012)). As stated in the Texas Code of Criminal Procedure, an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the charged offense. TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). In other words, an offense is a lesser-included

offense of another offense if the indictment for the greater offense alleges all of the elements of the lesser offense. *Zapata*, 449 S.W.3d at 224 (citing *Cavazos*, 382 S.W.3d at 382).

*Application*

Here, the indictment tracked section 21.02(b) of the Texas Penal Code, alleging Gonzales, "during a period that was more than 30 days in duration to-wit: on or about the 1st day of November, 2007, through the 16th day of November 2009 . . . did then and there commit two or more acts of sexual abuse against . . . a child younger than 14 years of age, and the defendant was 17 years of age or older. . . ." *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). Subsection (c) of section 21.02 specifically states that an "act of sexual abuse" includes aggravated sexual assault under section 22.021 of the Penal Code. *See id.* § 22.021. Thus, aggravated sexual assault of a child — an offense listed under subsection (c) — is always a lesser-included offense of an offense alleged under subsection (b). *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011); *Price v. State*, 413 S.W.3d 158, 162 (Tex. App.—Beaumont 2013), *aff'd*, 434 S.W.3d 601 (Tex. Crim. App. 2014). As the court recognized in *Price*, "it appears the Legislature did not intend to allow a defendant convicted of continuous sexual abuse to also be convicted for the aggravated sexual assault of the same child if the aggravated sexual assault at issue and the continuous sexual abuse both occurred within the same time periods." 413 S.W.3d at 162 (citing TEX. PENAL CODE ANN. § 21.02(c)(4)). Accordingly, we hold the first step of the test is satisfied. We now must decide whether the evidence supports the requested lesser-included offense instruction.

The evidence supports an instruction on a lesser-included offense if there is some evidence from which a rational jury could conclude the defendant was guilty *only* of the lesser offense. *See Goad*, 354 S.W.3d at 446; *Zapata*, 449 S.W.3d at 224. Thus, in this case, we must determine if

there is some evidence from which the jury could have concluded that Gonzales was guilty only of aggravated sexual assault of a child. *See Goad*, 354 S.W.3d at 446; *Zapata*, 449 S.W.3d at 224.

"[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Goad*, 354 S.W.3d at 446 (quoting *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)). We must consider all of the evidence admitted at trial, not just that presented by the defendant. *Id.* The evidence must establish the lesser-included offense is a valid, rational alternative to the charged offense. *Id.*; *Zapata*, 449 S.W.3d at 225. In other words, there must be some evidence that would permit the jury to rationally acquit the defendant of the greater offense and still convict him of the lesser offense. *Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Goad*, 354 S.W.3d at 446. However, we are not permitted to consider the credibility of the evidence and whether it conflicts with other evidence or is controverted. *Id.* at 446–47.

Gonzales contends the evidence supports his requested lesser-included offense instruction because "the jury could have decided that the only acts of sexual abuse occurred in April 2009, shortly before the child's outcry, and disbelieved the child's other testimony that other acts occurred at earlier points in time, thus negating the '30 days' or more duration element required" for the offense, or "the jury could have believed that only one act occurred, negating the 'two or more' acts element" of the offense." We disagree.

Gonzales's argument is contingent upon L.W.'s credibility and certain conflicts in her testimony. However, as noted above, the court is not permitted to consider the *credibility* of the evidence and whether it *conflicts* with other evidence or is controverted. *Id.* The evidence shows that at age ten, L.W. told a Sunday school teacher and a SANE that Gonzales sexually abused her on several occasions. When she spoke to the SANE, L.W. specifically stated Gonzales had been

sexually abusing her since she was in the first grade — a period of several years. L.W. specifically testified appellant sexually abused her approximately once a week from 2007 to 2009. Gonzales, on the other hand completely denied he was ever alone with L.W., thereby ruling out any chance he sexually assaulted her. Thus, there is no evidence in the record — not even a scintilla — that is directly germane to the lesser-included offense so as to warrant the requested instruction. *Id.* at 446. In other words, there is no evidence that would permit the jury to rationally acquit Gonzales of the greater offense and still convict him of the lesser. *See Sorto*, 173 S.W.3d at 476. The lesser-included offense was not a valid, rational alternative to the charged offense. *See id.* Accordingly, we conclude that the trial court did not err in denying Gonzales's requested lesser-included offense instruction and overrule his first issue.

### *Limiting Instruction — Date of Offense*

In his second and third issues, Gonzales contends that because the jury charge advised jurors that the State was not required to prove the offense was committed on the dates alleged in the indictment, but had to prove only that it was committed prior to the time the indictment was presented, the trial court erred in failing to provide an additional instruction that in order to convict him of the charged offense, it could only consider acts that occurred on or after September 1, 2007, the effective date of the continuous sexual abuse of a child statute. Thus, the error asserted by Gonzales is not based on what the charge said, but what it failed to say. Gonzales claims the alleged failure to provide the instruction resulted in egregious harm because L.W. testified that some prohibited acts occurred prior to the effective date of the statute, thereby allowing the jury to convict him based on acts occurring before the effective date.

### *Standard of Review*

When reviewing alleged jury charge error, we must first determine if there was error, and then, if we decide there was error, we must determine whether the error caused sufficient harm to

warrant a reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Ochoa v. State*, 119 S.W.3d 825, 828 (Tex. App.—San Antonio 2003, no pet.). The amount of harm necessary to warrant a reversal depends on whether the appellant objected to the jury charge. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)); *Ngo*, 175 S.W.3d at 743; *Ochoa*, 119 S.W.3d at 828. If the appellant objected to the complained portion of the charge, then the record need only show he suffered some harm as a result of the error to obtain a reversal. *Reeves*, 420 S.W.3d at 816; *Ngo*, 175 S.W.3d at 743; *Ochoa*, 119 S.W.3d at 828. On the other hand, if the appellant failed to object to the complained of portion of the charge, as in this case, he must show he suffered egregious harm to be entitled to a reversal. *See Reeves*, 420 S.W.3d at 816; *Ngo*, 175 S.W.3d at 743; *Ochoa*, 119 S.W.3d at 828.

*Application*

A person commits the offense of continuous sexual abuse of a child under the age of fourteen if, during a time period of thirty or more days, that person commits two or more acts of sexual abuse against a child. TEX. PENAL CODE ANN. § 21.02(b)(1). This provision in the Penal Code became effective September 1, 2007, and does not apply to an offense committed before that date. Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148; *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd). An offense is committed before the effective date of the statute if any element of the offense occurs before that date. *Id*. A jury charge is erroneous if it presents the jury with a much broader chronological perimeter than is permitted by law. *Taylor v. State*, 332 S.W.3d 483, 488 (Tex. Crim. App. 2011).

Here, based on the indictment, the State had to prove the offense was committed between November 1, 2007, and November 16, 2009. Gonzales points out that the paragraph set out below, which was included in the jury charge, instructed the jury that it could consider acts that occurred

before September 1, 2007, and therefore, the trial court should have included an additional instruction advising the jury that it could only consider acts committed on or after September 1, 2007. We agree, as does the State.

### Dates Alleged in the Indictment

> The State is not bound by the specific date in the indictment that the offense is alleged to have been committed. A conviction may be had upon proof that the offense, if any, was committed at any time prior to the filing of the indictment that is within the period of limitations. The indictment in the instant case was filed November the 5th, 2010. There is no statute of limitations for the offense of continuous sexual abuse. Therefore, proof of the offense, if any, occurred prior to the filing of the indictment on November 5th, 2010, is sufficient.

This provision is similar to those that appear in most jury charges. It is based on longstanding law that generally, the State is not required to prove the exact dates alleged in the indictment, but need only prove the offense occurred within the period covered by the applicable statute of limitations. *See*, *e.g.*, *Klein v. State*, 273 S.W.3d 297, 304 n.5 (Tex. Crim. App. 2008); *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); *Garcia v. State*, 981 S.W.2d 683, 685–86 (Tex. Crim. App. 1998). Thus, in this case, the State was not required to prove Gonzales began sexually abusing L.W. on November 1, 2007, and ceased such actions on November 16, 2007. However, because time is a material element of continuous sexual abuse of a child — two or more acts during a period of thirty days or more — the State had to prove beyond a reasonable doubt the requisite thirty day or more period. *See Garcia*, 981 S.W.2d at 685–86. Moreover, given the effective date of the statute, that thirty day or more period was limited to periods after the effective date of the statute, i.e., September 1, 2007. *See Taylor*, 332 S.W.3d at 488. Despite this, the trial court effectively instructed the jury that it could convict Gonzales upon proof that he committed two or more of the prohibited acts of sexual abuse within a thirty day or more time period *before*

September 1, 2007 — as long as the acts were committed before the indictment was filed on November 5, 2010.

Admittedly, the application paragraph instructed the jury that it could not find Gonzales guilty unless it found beyond a reasonable doubt that he:

> . . . during a period that was more than 30 days in duration to-wit: *on or about the first day of November 2007, through the 16th day November 2009 and before the presentment of the indictment* . . . did then and there commit two or more acts of sexual abuse against [L.W.], a child younger than 14 years of age, and the Defendant was 17 years of age or older . . .

(emphasis added).  However, this portion of the charge does not instruct the jury that it cannot consider acts before September 1, 2007, but merely advises the jury as to when the acts were allegedly committed.  L.W., however, testified that certain acts took place outside this time period.  Moreover, as recognized by the court in *Martin v. State*, we must assume the jurors read the charge as a whole, taking the general instruction into account when reading the application portion, *see Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996), and thereby concluded a conviction was authorized upon proof that Gonzales committed two or more of the prohibited acts of sexual abuse within a thirty day or more time period *before* or after September 1, 2007 — as long they were committed before the indictment was filed on November 5, 2010.  *See* 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd), *cert. denied*, 133 S.Ct. 645 (2012).

In *Martin*, the defendant, like Gonzales, was charged with continuous sexual abuse of a child.  *Id.* at 871.  The jury charge contained a general instruction regarding conviction based on acts committed before the date of the indictment — an instruction similar to the one in this case.  *Id.* at 873.  And, just as in this case, the application paragraph instructed the jury it could not convict unless it found the offenses were committed between dates occurring during a time period after September 1, 2007.  *Id.* at 874.  The *Martin* court held, despite the application paragraph, there was nothing in the court's charge that limited the instruction regarding the nonbinding nature

of the dates alleged to specifically require the jurors to find that the period of continuous sexual abuse began on or after September 1, 2007, or that otherwise directed the jurors not to convict based on a finding of sexually abusive conduct prior to September 1, 2007. *Id.* at 874–75. According to the court, without an instruction advising the jurors that they could not consider conduct prior to the enactment of the statute on September 1, 2007, the jury was presented with a much broader chronological perimeter than permitted by the law, allowing the defendant to be convicted of an ex post facto law in violation of the state and federal constitutions by punishing him for conduct that was innocent when committed. *Id.* at 876 (citing *Collins v. Youngblood*, 497 U.S. 37, 42–44 (1990); *Rodriguez v. State*, 93 S.W.3d 60, 65 (Tex. Crim. App. 2002)).

Following *Martin*, courts of appeals have uniformly held that even when the application paragraph limits conviction to a proper time period, the charge is erroneous unless the instruction on the nonbinding nature of the dates alleged in the indictment is somehow specifically limited to require jurors to convict based only on acts of sexual abuse that took place on or after September 1, 2007. *See*, *e.g.*, *Whitington v. State*, No. 08-13-00102-CR, 2015 WL 3653326, at * (Tex. App.—El Paso Apr. 24, 2015, no pet.) (not designated for publication); *Gomez v. State*, 459 S.W.3d 651, 660 (Tex. App.—Tyler 2015, pet. ref'd); *Flores v. State*, No. 13-12-00606-CR, 2014 WL 1514129, at *5 (Tex. App.—Corpus Christi Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication); *Oliver v. State*, No. 10-12-00389-CR, 2014 WL 1016244, at *7–*8 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication); *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd); *cf. Struckman v. State*, No. 10-10-00427-CR, 2011 WL 4712236, *2 (Tex. App.—Waco Oct. 5, 2011, no pet.) (mem. op., not designated for publication) (distinguishing *Martin* because trial court included instruction advising jury that State elected to proceed only on events occurring after September 1, 2007, thereby limiting the chronological perimeter). This case is no different than *Martin* or the other appellate court cases

in which the charge was found to be erroneous. Here, the trial court failed to limit the general instruction on the nonbinding nature of the dates in the indictment with some kind of specific instruction that the jury could only convict Gonzales based on acts that occurred on or after September 1, 2007. Without a specific limiting instruction advising the jurors they could not consider acts that occurred prior to the effective date of the statute — something other than the application paragraph — they had no idea they were limited to acts after September 1, 2007. Thus, the jury could have convicted Gonzales based on an ex post facto basis, which is constitutionally prohibited. *See Martin*, 335 S.W.3d at 876. Accordingly, we hold the trial court erred in failing to instruct the jury that it could not consider acts of sexual abuse occurring before September 1, 2007, the effective date of the statute.

As noted above, however, Gonzales did not object to the trial court's failure to include a limiting instruction. Accordingly, we may only reverse if Gonzales suffered egregious harm. We hold that he did not.

Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villarreal*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *see also Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Villarreal*, 453 S.W.3d at 433 (citing *Reeves*, 420 S.W.3d at 816). We will not reverse a conviction unless the defendant has suffered "actual rather than theoretical harm." *Id.* (citing *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)).

In examining the record to determine whether charge error has resulted in egregious harm to a defendant, we consider: (1) the entirety of the jury charge; (2) the state of the evidence; including the contested issues and weight of probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the trial record as a whole. *Id.*

We hold that the entirety of the jury charge mitigates against a finding of egregious harm. First, the charge properly instructed the jury that Gonzales had been charged in the indictment with continuous sexual abuse of a child "alleged to have been committed on or about the 1st day of November 2007 through the 16th day of November 2009[.]" Second, the erroneous portion of the charge was followed almost immediately by the application paragraph that correctly instructed the jury that to convict Gonzales, it had to find beyond a reasonable doubt that he, "on or about the 1st day of November, 2007, through the 16th day of November, 2009," committed two or more acts of sexual abuse. Courts in this state have repeatedly held, in other contexts, that where the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding that any error in the abstract portion of the charge was egregious. *Kuhn*, 393 S.W.3d at 529 (citing *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *Patrick v. State*, 906 S.W.2d 481, 492–93 (Tex. Crim. App. 1995); *Hughes v. State*, 897 S.W.2d 285, 296–97 (Tex. Crim. App. 1994); *Toler v. State*, 546 S.W.2d 290, 293–94 (Tex. Crim. App. 1977); *Bazanes v. State*, 310 S.W.3d 32, 39 (Tex. App.—Fort Worth 2010, pet. ref'd); *Williams v. State*, 226 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

The state of the evidence also weighs against a finding of egregious harm. Gonzales points to evidence presented at trial of acts occurring before September 1, 2007. Specifically, he points to testimony that L.W. told an interviewer with the Child Advocacy Center the sexual abuse began when she was in kindergarten — a time period before September 1, 2007. However, L.W. subsequently denied telling the interviewer that the inappropriate touching began in kindergarten. Moreover, L.W. testified about several sexual acts Gonzales performed upon her when she was ten-years-old, which was in 2009. L.W. also testified appellant touched her private parts "like once a week" from 2007 to 2009. This evidence was more than sufficient to convict Gonzales based on acts of sexual abuse occurring between November 1, 2007, and November 16, 2009,

2010. Thus, the jury could have lawfully convicted Gonzales for continuous sexual abuse of a child under the age of fourteen even if it had been properly instructed not to base a conviction on Gonzales's conduct prior to September 1, 2007.

Finally, in closing argument, neither the State nor Gonzales mentioned or relied on the instruction regarding the nonbinding nature of the dates alleged in the indictment, nor did they address or rely on any testimony or evidence of any acts occurring before September 1, 2007. In fact, the State specifically advised the jury that "for the purposes of this indictment, for the continuous sexual abuse of a child statute, we have to find that it was a period beginning November of 2007 and continuing until her outcry." The outcry was in April of 2009. The State went on to advise the jury that the relevant times are reflected in the indictment: "The times in the indictment are November 1st 2007 through November 16th, I believe, 2009 . . . [s]o everything [L.W.] testified to that happened after November 1st, 2007, up to April, is fair game." Gonzales's counsel did not mention any dates at all — other than to point out that at certain times L.W. told people the sexual abuse stopped when she was eight, nine, or ten, but then told the SANE it was March of 2009. Rather, his closing argument focused on a lack of opportunity for abuse, an absence of evidence — physical and otherwise, and the victim's inconsistent statements, asking the jury: "This is the crux of the matter. Which story are you going to believe that [L.W.] told y'all [sic]?" There was nothing in the argument of counsel that focused the jury on supporting conviction based on conduct occurring before September 1, 2007.

Considering the entirety of the jury charge, the state of the evidence, the arguments of counsel; and other relevant information in the record, we cannot conclude the charge error in this case amounted to egregious harm entitling Gonzales to a reversal and a new trial. *See Villarreal*, 453 S.W.3d at 433. We therefore overrule Gonzales's second and third issues.

### *Constitutionality of Section 21.02 of the Texas Penal Code*

Finally, Gonzales contends section 21.02 of the Texas Penal Code is unconstitutional on its face in that it permits a jury to convict a defendant on a less than unanimous verdict. Specifically, he contends it permits the jury to convict a defendant without unanimously agreeing upon exactly which two acts of sexual abuse were committed within the thirty day or more period. Gonzales further contends the statute is contrary to statutory requirements of unanimous verdicts.

### *Standard of Review*

We review a facial challenge to the constitutionality of a criminal statute de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013); *Byrne v. State*, 358 S.W.3d 745, 748 (Tex. App.—San Antonio 2011, no pet.). We begin any review with the presumption that the statute is constitutional and "the Legislature has not acted unreasonably or arbitrarily." *Lo*, 424 S.W.3d at 15; *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). Generally, it is the burden of the individual challenging the statute to rebut the presumption of constitutionality.[2] *Lo*, 424 S.W.3d at 15; *Rosseau*, 396 S.W.3d at 557; *Byrne*, 358 S.W.3d at 748.

As set out above, to convict a defendant for continuous sexual abuse of a child under the age of fourteen, a jury must find beyond a reasonable doubt that: (1) the defendant committed "two or more acts of sexual abuse" during a period of thirty or more days; and (2) at the time of each act of sexual abuse, the defendant was "17 years of age or older and the victim is a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b)(1), (2). However, the statute specifically states jurors need not unanimously agree on which specific acts of sexual abuse the defendant committed or the exact dates those acts were committed. *Id*. § 21.02(d). Rather, the jury need only unanimously agree "that the defendant, during a period that is 30 or more days in duration,

---

[2] When the State seeks to restrict and punish speech based on content, the presumption is reversed and courts presume the statute is unconstitutional and the State must rebut that presumption. *Lo*, 424 S.W.3d at 15.

committed two or more acts of sexual abuse." *Id*. Gonzales takes issue with this, arguing the failure to require unanimity on specific acts and dates is unconstitutional and statutorily impermissible.

However, as Gonzales recognizes, numerous Texas appellate courts, including this court, have addressed this issue and in each instance held section 21.02 constitutional and statutorily sound. *See, e.g., Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.); *Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd), *cert. denied*, 134 S. Ct. 436 (2013); *Kennedy v. State*, 385 S.W.3d 729, 732 (Tex. App.—Amarillo 2012, pet. ref'd), *cert. denied*, 134 S.Ct. 681 (2013); *Casey v. State*, 349 S.W.3d 825, 829-30 (Tex. App.—El Paso 2011, pet. ref'd); *Martin*, 335 S.W.3d at 872; *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. App.—Austin 2010, no pet.); *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd). The courts reasoned:

> [I]t is the commission of two or more acts of sexual abuse over the specified time period—that is, the pattern of behavior or the series of acts—that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict. The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed. When there is evidence of more than two acts of abuse over the specified time period, section 21.02(d) makes it clear that the jurors need not agree as to which individual acts were committed so long as they agree that the defendant committed at least two.

*Fulmer*, 401 S.W.3d at 311–12 (quoting *Jacobsen*, 325 S.W.3d at 737); *accord Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Render*, 316 S.W.3d at 857–58. Texas intermediate courts have routinely held that the individual acts of sexual abuse are manner and means, not an element of the offense, and section 21.02 does not violate the jury unanimity requirement. *See Fulmer*,

401 S.W.3d at 313; *Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Jacobsen*, 325 S.W.3d at 737; *Render*, 316 S.W.3d at 857–58.

We have reviewed Gonzales's arguments and despite his claims to the contrary, we find that each has been rejected either by this court or one of our sister courts — he has presented nothing new with regard to his claim that section 21.02 is unconstitutional. Accordingly, we abide by our prior decision in *Fulmer*, as well as the similar decisions from our sister courts. We therefore overrule Gonzales's fourth and final issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish