NO. 07-11-0042-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2012
_____

JOSEPH ANTHONY KENNEDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;[1]

NO. 09-887-K26; HONORABLE BILLY RAY STUBBLEFIELD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Following a plea of not guilty, Appellant, Joseph Anthony Kennedy, was convicted by a jury of one count of continuous sexual abuse of a child[2] and two counts

_____

[1]Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV=T CODE ANN. ' 73.001 (WEST 2005). As Appellant acknowledges in his brief, pursuant to Rule 41.3 of the Texas Rules of Appellate Procedure, we apply the precedent of the transferor court.

[2]TEX. PENAL CODE ANN. § 21.02(b) (WEST SUPP. 2012).

of indecency with a child by contact.[3]  Appellant was sentenced to thirty-five years confinement on the continuous sexual abuse charge and two years confinement on each count of indecency with a child charges.[4]  The sentences were ordered to run consecutively.  By a single issue, Appellant maintains that section 21.02 of the Texas Penal Code, entitled "Continuous Sexual Abuse of Young Child or Children" violates the constitutional and statutory requirements of a unanimous jury verdict.  We affirm.

## BACKGROUND

Appellant was accused of sexually abusing his two stepdaughters, L.T. and C.N.T., over a two-year period when they were under age fourteen.  Only the facts necessary for disposition of Appellant's issue will be developed.

During pretrial proceedings via a *Motion to Quash*, as well as during the charge conference in the guilt/innocence phase, Appellant complained that the statute on continuous sexual abuse fails to require jury unanimity as to specific acts of sexual abuse.[5]  On appeal, he argues the statute violates his right to a unanimous jury verdict guaranteed by the United States and Texas Constitutions.  *See* U.S. CONST. amend VI, XIV; TEX CONST. art. V, § 13.  He also argues the statute denies him due process and due course of law on its face and as applied to him.  *See* U.S. CONST. amend XIV; TEX. CONST. art. I, § 19.

---

[3]TEX. PENAL CODE ANN. § 21.11(a)(1) (WEST 2011).

[4]Appellant does not challenge his conviction or sentence for the two counts of indecency with a child by contact.

[5]The trial court denied the *Motion to Quash* and also ruled against Appellant on his objections to the charge.

2

When confronted with a challenge to the constitutionality of a statute, we presume the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App. 2002); *Frieling v. State*, 67 S.W.3d 462, 472 (Tex.App.—Austin 2002, pet. ref'd). We review the constitutionality of a criminal statute *de novo*. *Lockhard v. State*, 364 S.W.3d 920, 921 (Tex.App.—Amarillo 2012, no pet.).

## ANALYSIS

Under section 21.02 of the Texas Penal Code, a "person commits an offense if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts . . . are committed against one or more victims . . . ." The statute also requires that the actor be seventeen years of age or older and the victim or victims be younger than fourteen. TEX. PENAL CODE ANN. § 21.02(b)(2) (WEST SUPP. 2012). If a jury is the trier of fact, members are not required to agree unanimously on which specific acts of sexual abuse were committed or the exact date when those acts were committed. *Id.* at (d). The jury need only agree unanimously that the defendant, during a period that is thirty or more days in duration, committed two or more acts of sexual abuse. *Id.*

"It has long been the case that juror unanimity is required in felony cases by the Texas Constitution and in all criminal trials by state statutes." *See Young v. State*, 341 S.W.3d 417, 422 (Tex.Crim.App. 2011) (citing TEX. CONST. art. V, § 13 and TEX. CODE

CRIM. PROC. ANN. arts. 37.02, 37.03 and 37.04). *See also Ngo v. State*, 175 S.W.3d 738, 745 (Tex.Crim.App. 2005). Appellant relies on *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), and incorporating by reference an *amicus curiae* brief filed by Professor George E. Dix of the University of Texas, he contends that section 21.02 defines continuous sexual abuse without including an element consisting of specific conduct. This, he argues, "creates an unacceptably high risk that jurors will fail to demand proof beyond a reasonable doubt of whether the defendant engaged in the requisite criminal activity." We disagree.

To date, the Texas Court of Criminal Appeals has not written on the constitutionality of section 21.02; however, the transferor court has concluded the statute does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity. *See Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex.App.—Austin 2010, no pet). *See also Martin v. State*, 335 S.W.3d 867 (Tex.App.—Austin 2011, pet. ref'd) (holding as it did in *Jacobsen* that section 21.02 did not violate the defendant's right to a unanimous jury verdict).[6]

In finding that section 21.02 did not violate an appellant's right to a unanimous jury verdict, citing *Ngo*, 175 S.W.3d at 745, the *Jacobsen* Court found that unanimity requires that each juror agree that the defendant committed the same specific *actus*

---

[6]Appellant also relies on *State v. Rabago*, 103 Hawaii 236, 81 P.3d 1151 (2003), which struck down an analogous statute. However, the Austin Court of Appeals considered and disagreed with *Rabago* in *Jacobsen.* 325 S.W.3d at 873.

*reus.*[7] The court went on, however, to note a crucial distinction between facts that are the specific *actus reus* element of the crime and ones that are merely a means of committing that element. *Jacobsen,* 325 S.W.3d at 736. To convict, jurors must unanimously agree on each element of the crime but need not agree on all the underlying facts that make up a particular element. *Id.* "When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them." *Id.* (citing *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App. 1991)).

Under the plain meaning of section 21.02, the commission of two or more acts of sexual abuse over a specified period of time is the *actus reus* element of the offense which requires jury unanimity. *Id.* at 737. The individual acts of sexual abuse that make up the series of acts are not themselves elements of the offense. *Id.* They are merely evidentiary facts, the manner and means by which the *actus reus* element is committed. *Id.* Where the evidence supports more than two acts of sexual abuse over the specified time, jurors need not agree as to which individual acts were committed so long as they agree the defendant committed at least two. *Id.*; TEX. PENAL CODE ANN. § 21.02(d).

Appellant was charged with committing two or more acts of sexual abuse against L.T. during a period that was thirty days or more in duration over a two-year period. He was also charged with committing two or more acts of sexual abuse against C.N.T. over the same two-year period. The touching and/or penetration of his stepdaughters'

---

[7]An *actus reus* is the wrongful deed which renders the actor criminally liable if committed with the requisite criminal intent, or *mens rea.* The *actus reus* is the physical aspect of a crime, whereas the *mens rea* involves the intent factor. BLACK'S LAW DICTIONARY, 36 (6th ed. 1990).

breasts and genitals were simply the manner and means by which he committed continuous sexual abuse. Subparagraph (d) of section 21.02 makes it clear that the jurors did not need to agree on which individual acts Appellant committed as long as they agreed that he did commit at least two. Accordingly, we conclude that section 21.02 does not violate Appellant's constitutional and statutory right to a unanimous jury verdict. Appellant's sole issue is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Publish.