

# NUMBER 13-12-00465-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SERENA ROJAS,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

## On appeal from the Criminal District Court No. 2 of Tarrant County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Serena Rojas, pleaded guilty to the offense of burglary of a habitation, a

second-degree felony.[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). In 2007,

---

[1] This case is before us on transfer from the Second Court of Appeals in Fort Worth, pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). Because this case was transferred from our sister court of appeals in Fort Worth, we decide it in accordance with the precedent of that court. *See* TEX. R. APP. P. 41.3; *Kennedy v.* State, 385 S.W.3d 729, 729 n.1 (Tex. App.—Amarillo 2012, pet. ref'd); *see also Nelson v. Vernco Constr., Inc.*, 367 S.W.3d 516, 517 (Tex.

the trial court deferred a formal finding of guilt and placed appellant on five years' deferred-adjudication probation. The State thereafter filed a petition to proceed to adjudication, alleging appellant violated numerous terms and conditions of her community supervision.[2] In 2009, the trial court revoked appellant's community supervision and found appellant guilty of burglary of a habitation. The trial court sentenced appellant to twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division, and assessed court costs at $281.25 and restitution at $2,750. By two issues, appellant argues the trial court's judgment should be reformed (1) to reduce court costs from $281.25 to $276.00; and (2) to delete the $2,750 in restitution. We will sustain appellant's issue and affirm the trial court's judgment as modified.

## I. COURT COSTS

By her first issue, appellant argues the judgment should be reformed to reduce the amount of court costs because the record does not include an explanation for the increased amount. Appellant asserts the 2007 "Unadjudicated Judgment" includes court costs in the amount of $276.00, whereas the 2009 "Judgment Adjudicating Guilt" includes court costs in the amount of $281.25. From what we can discern from her brief, appellant appears to be challenging the sufficiency of the evidence supporting increased court costs included in the trial court's 2009 judgment.

---

App.—El Paso 2012, no pet.).

[2] We note that while the order deferring adjudication placed appellant on "probation," the accompanying order imposing conditions stated appellant had been placed on "community supervision" and set forth conditions of community supervision. This discrepancy is immaterial to the merits of this appeal.

**A.    Standard of Review**

The obligation of a convicted person to pay court costs is established by statute. *See* TEX. CODE CRIM. PROC. ANN art. 42.16 (West 2006); *see also generally id.* art. 103.001–.012 (West 2006 & West Supp. 2012).    A trial court's imposition of court costs must be supported by sufficient evidence.    *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010); *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.) (op. on reh'g).    We review the sufficiency of the evidence to support the award of costs by viewing all record evidence in the light most favorable to the award. *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no. pet. h.) (op. on reh'g); *Thomas v. State*, No. 01-12-00487-CR, 2013WL 1163980, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.).    An appellant may raise the issue of insufficient evidence to support the trial court's assessment of court costs for the first time on appeal.[3]    *See Mayer*, 309 S.W.3d at 556; *Solomon*, 392 S.W.3d at 310.

**B.    Analysis**

No certified bill of costs signed by an officer entitled to receive payment for the cost or by the officer who charged the cost is included in the record on appeal.    *See* TEX. CODE CRIM. PROC. ANN art. 103.001 (West Supp. 2012) ("A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who

---

[3] The State contends that appellant was required to appeal the discrepancy under Texas Code of Criminal Procedure article 103.008 and that she waived her complaint by failing to raise it in that manner. *See* TEX. CODE CRIM. PROC. ANN art. 103.008 (West 2006).    Although article 103.008 provides a method for appealing courts costs, it does not limit appellant's ability to challenge the sufficiency of the evidence on court costs.    *See Solomon v. State*, 392 S.W.3d 309, 309 (Tex. App.—San Antonio 2012, no pet.) (op. on reh'g).    Accordingly, appellant did not waive the issue by failing to appeal under article 103.008.

is entitled to receive payment for the cost"). Rather, the record includes two unsigned documents referencing the $281.25 in court costs included in the judgment. The first document is entitled "COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT OF TARRANT COUNTY, and subtitled "REVOCATION RESTITUTION/ REPARATION BALANCE SHEET." Item II of this document shows, without explanation or breakdown, that the total amount of court costs owed was changed from the printed amount of $0.00 to the handwritten amount of $281.25. The second document is titled "Tarrant County District Clerk List of Fee Breakdowns" and shows the balance of court costs remaining is $281.25. After reviewing the documents, however, we are unable to determine what court costs were included in the balance. Therefore, nothing in the record supports the increased amount. The State concedes error.

We will modify the judgment to reflect court costs in the amount of $276.00. *See Cates v. State*, 402 S.W.3d 250, 250 (Tex. Crim. App. 2013) (modifying judgment to delete court-appointed attorney's fees that were erroneously included in court costs assessed against criminal defendant); *see also Smith v. State*, No. 02-11-00295-CR, 2012 WL 2036467, at *2 (Tex. App.—Fort Worth June 7, 2012, no. pet.) (mem. op., not designated for publication) (deleting court costs award because of absence of record to support increased amount); *Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth April 19, 2012, no. pet. h.) (mem. op., not designated for publication) (same). Appellant's first issue is sustained.

4

## II. PRONOUNCEMENT OF RESTITUTION

By her second issue, appellant argues the judgment should be reformed to delete the amount ordered as restitution because it was not orally pronounced at sentencing. Although the record shows the trial court did not make any oral pronouncement regarding restitution, the judgment includes an assessment in the sum of $2,750 in restitution.

The Texas Court of Criminal appeals explained adjudication in *Taylor v. State*:

> The true objective of deferred adjudication is to divert the accused from the gauntlet run of the criminal justice system and to allow the judge to enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road. During that time, there is no finding of guilt and no final conviction.

131 S.W.3d 497,499–500 (Tex. Crim. App. 2004).

No sentence is given during deferred adjudication. *Davis v. State*, 968 S.W.2d 368, 369–70 (Tex. Crim. App. 1998). When a defendant is later adjudicated guilty, the trial court orally pronounces sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 43.03, § 1 (West Supp. 2011); *Taylor*, 131 S.W.3d at 502. An order for restitution must be included in the oral pronouncement of the sentence in order to be valid. *See Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). If there is a conflict between the written judgment and the oral pronouncement, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287 (Tex. Crim. App. 2003).

Because the trial court did not include restitution in its oral pronouncement of sentence, we reform the judgment adjudicating guilt to delete the sum of $2,750 in restitution. An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so.

TEX.R.APP. P. 43.2(b); *see, e.g., Tamez v. State,* 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming judgment to show $500 fine imposed but not stated in judgment); *Nolan v. State,* 39 S.W.3d 697, 698 (Tex.App.—Houston [1st Dist.2001, no pet.) (reforming judgment to reflect longer sentence); *see also Smith*, 2012 WL 20364467, at *2 (deleting reparations). Appellant's second issue is sustained.

### III.  CONCLUSION

We modify the judgment to show the sum of $276.00 as the correct amount of court costs, and delete the requirement that appellant pay restitution in the amount of $2,750.  We affirm the judgment as modified.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of September, 2013.

6