# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-17-00791-CR

---

**Felipe Nunez-Quijada, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-15-302470,
### THE HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Felipe Nunez-Quijada guilty of continuous sexual abuse of a young child for sexually abusing his biological daughter, L.N., throughout her childhood, and assessed his punishment at confinement for life in the Texas Department of Criminal Justice.[1] *See* Tex. Penal Code § 21.02(b), (h). In three points of error, appellant complains about error in the jury charge and challenges the constitutionality of the continuous sexual abuse statute.

---

[1] The jury heard evidence that, on numerous occasions beginning when L.N. was six years old in the first grade and continuing until she reported the sexual abuse to her school counselor when she was in the 11th grade, appellant perpetrated various sexual acts against his daughter, including touching and rubbing her breasts with his hands (both over and under her clothes), touching and rubbing her private part with his hands (both over and under her clothes), putting his fingers inside her private part, touching her private area with his penis "skin to skin," and putting his penis inside her private part. Because the parties are familiar with the facts of the case and the evidence adduced at trial, we do not further recite the facts in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

**DISCUSSION**

A person commits the offense of continuous sexual abuse of a young child if, during a period of thirty or more days, that person commits two or more acts of sexual abuse against a child younger than fourteen years of age. Tex. Penal Code § 21.02(b). An "act of sexual abuse" is an act that violates one or more specified penal laws, among them indecency with a child by sexual contact and aggravated sexual assault of a child. *Id.* § 21.02(c). A jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed" but must "agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* § 21.02(d).

In a pretrial motion to quash the indictment, appellant argued that Penal Code section 21.02 is unconstitutional because it violates the constitutional requirement of a unanimous jury verdict since it fails to require jury unanimity as to the underlying specific acts of sexual abuse.

At trial, in the abstract portion of the guilt-innocence jury charge, the trial court included an instruction on unanimity that was consistent with section 21.02(d):

> Members of the jury, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant, Felipe Nunez-Quijada, or the exact date when those acts were committed. You are required to agree unanimously that the defendant, Felipe Nunez-Quijada, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

2

During the jury charge conference, appellant objected to the non-unanimity instruction, asserting that it "violates the requirement of unanimity" and that the statute is unconstitutional because it permits non-unanimity as to the acts of sexual abuse.

Finally, in a motion for new trial, appellant claimed that "as applied" to him, section 21.02 and the jury charge in this case denied him the right to a unanimous verdict in violation of his due-process rights under the United States Constitution and due course of law under the Texas Constitution.

The trial court denied the motion to quash, ruled against appellant on his objection to the jury charge, and denied the motion for new trial.

On appeal, appellant argues that Penal Code section 21.02 is unconstitutional on its face and as applied to him because it violates the constitutional right to a unanimous jury verdict and, in addition, denies due process and due course of law.[2] Appellant further asserts that, because the statute is unconstitutional, the trial court erred by instructing the jury that it

_____

[2] Appellant cites to the Fifth Amendment to the United States Constitution and *Richardson v. United States*, 526 U.S. 813, 824 (1999), to support his assertion that "[j]ury unanimity is required in all criminal cases." But it is the Sixth Amendment to the United States Constitution, not the Fifth Amendment, that provides a right to a unanimous jury verdict.

The United States Supreme Court has held, however, that although the Sixth Amendment right to trial by jury requires a unanimous jury verdict in federal criminal trials, it does not require a unanimous jury verdict in state criminal trials. *See Apodaca v. Oregon*, 406 U.S. 404, 411–12 (1972) (holding Sixth Amendment does not require conviction by unanimous verdict in state court); *see also Johnson v. Louisiana*, 406 U.S. 356, 359–63 (1972) (holding Due Process Clause does not require unanimous jury verdicts in state criminal trials). Further, *Richardson* was a federal criminal case that addressed jury unanimity concerning a federal statute, and thus appellant's reliance on it is misplaced.

To the extent that appellant challenges the continuous sexual abuse statute or the jury charge instructions in this case based on a violation of the jury unanimity requirement under the federal constitution, no such constitutional right exists in this case since it is a state court proceeding. Thus, we address the unanimity issue under the Texas Constitution only.

could convict appellant on "a less than unanimous verdict." We overrule these contentions and affirm appellant's conviction.

## Constitutional Challenges

Appellant contends that by failing to require jury unanimity as to the specific acts of sexual abuse committed by the defendant, section 21.02, both on its face and as applied to him in this case, violates the constitutional right to a unanimous jury verdict. *See* Tex. Const. art. V, § 13. He further argues that by dispensing with jury unanimity on the underlying acts of sexual abuse, the statute, on its face and as applied to him, denies due process and due course of law. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

This Court has already upheld section 21.02 against identical constitutional challenges. *See Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. App.—Austin 2010, no pet.). In *Jacobsen*, we concluded that the statute creates a single element of a "series" of sexual abuse that must be agreed upon unanimously; it does not make each "violation" (act of sexual abuse) a separate element of the offense that needs to be agreed upon unanimously. *Id.* at 737. We explained that the individual acts of sexual abuse comprising the series of acts (or pattern of behavior) are not themselves elements of the offense but rather the "manner and means" by which the series element is committed. *Id.* Thus, we held that because the jury is required to unanimously find that the defendant committed two or more of the alleged acts of sexual abuse during the requisite time period, a defendant's right to a unanimous jury verdict was not violated. *Id.* at 739. We also held that section 21.02 does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, without requiring jury unanimity as to the

4

individual acts that made up that course of conduct, because the acts of sexual abuse defined by the statute are morally and conceptually equivalent. *Id.* Since *Jacobsen*, this Court has reaffirmed these holdings. *See Martin v. State*, 335 S.W.3d 867, 871–73 (Tex. App.—Austin 2011, pet. ref'd); *see also Moore v. State*, No. 03-12-00787-CR, 2015 WL 1317205, at *3 (Tex. App.—Austin Mar. 20, 2015, pet. ref'd) (mem. op., not designated for publication) (stating that even if appellant's constitutional challenges to continuous sexual abuse statute had been preserved, court would follow precedent rejecting such constitutional challenges).

Appellant acknowledges our holdings in *Jacobsen.* He also acknowledges that other courts of appeals have likewise concluded that section 21.02 does not violate the constitutional jury unanimity requirement. *See Navarro v. State*, 535 S.W.3d 162, 165–66 (Tex. App.—Waco 2017, pet. ref'd); *Ingram v. State*, 503 S.W.3d 745, 748 (Tex. App.—Fort Worth 2016, pet. ref'd); *Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd); *McMillian v. State*, 388 S.W.3d 866, 872–73 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Kennedy v. State*, 385 S.W.3d 729, 732 (Tex. App.—Amarillo 2012, pet. ref'd); *Casey v. State*, 349 S.W.3d 825, 829 (Tex. App.—El Paso 2011, pet. ref'd); *Reckart v. State*, 323 S.W.3d 588, 600–01 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd). Similarly, appellant acknowledges that other courts of appeals have also concluded that the statute does not violate due process or due course of law. *See Fulmer*, 401 S.W.3d at 313; *McMillian*, 388 S.W.3d at 872–73; *Casey*, 349 S.W.3d at 829–30; *Reckart*, 323 S.W.3d at 600–01; *Render*, 316 S.W.3d at 858; *see also Harris v. State*, No. 02-17-00278-CR, 2018 WL 3153605, at *2 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for publication). Appellant urges, however, that *Jacobsen* and these other opinions were incorrectly decided and should be reconsidered. We

5

have reviewed appellant's arguments; they do not persuade us to depart from our precedent or to differ from the decisions of our sister courts of appeals.

At appellant's urging, we have also considered the recent opinion of the Court of Criminal Appeals in *O'Brien v. State*, 544 S.W.3d 376 (Tex. Crim. App. 2018), which addressed jury unanimity concerning the underlying predicate offenses for engaging in organized criminal activity. The court in *O'Brien* concluded that the individual predicate offenses listed in the statute were alternative "manners and means" of committing the offense of engaging in organized criminal activity, such that the jury need not agree on which offense (or offenses) the defendant committed. *Id.* at 391, 395. The Court further held that the lack of unanimity concerning the underlying predicate offenses did not violate due process because the predicate offenses alleged were morally and conceptually equivalent. *Id.* at 394–95. We find our analysis in *Jacobsen* to be consistent with the analysis in *O'Brien*.

We reaffirm our holdings in *Jacobsen* and *Martin* that the individual acts of sexual abuse comprising the series of acts are not themselves elements of the offense but rather alternative "manners and means" of committing continuous sexual abuse of a young child and that the acts of sexual abuse enumerated in the statute are morally and conceptually equivalent. *See Jacobsen*, 325 S.W.3d at 736–39; *Martin*, 335 S.W.3d at 871–73. Thus, we again conclude, consistent with our prior opinions, that dispensing with jury unanimity on the underlying acts of sexual abuse does not violate a defendant's constitutional right to jury unanimity and does not violate due process or due course of law. *See Jacobsen*, 325 S.W.3d at 736–39; *Martin*, 335 S.W.3d at 871–73; *see also Navarro*, 535 S.W.3d at 165–66; *Ingram*, 503 S.W.3d at 748; *Fulmer*, 401 S.W.3d at 313; *McMillian*, 388 S.W.3d at 872–73; *Kennedy*, 385 S.W.3d at 732; *Casey*, 349 S.W.3d at 829; *Reckart*, 323 S.W.3d at 600–01; *Render*, 316 S.W.3d at 857–58.

6

Consequently, we reject appellant's contention that Penal Code section 21.01 is unconstitutional on its face or as applied to him and overrule his second and third points of error.

**Jury Charge Error**

In his first point of error, appellant complains that the trial court erred in instructing the jury that it could convict appellant on less than a unanimous verdict.

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth procedure for appellate review of claim of jury charge error).

In its jury charge, the trial court instructed the jury consistent with Penal Code section 21.02(d). In the abstract portion of the charge, over appellant's objection, the court provided a non-unanimity instruction concerning the acts of sexual abuse. In applying the law to the facts, the court authorized appellant's conviction for continuous sexual abuse if the jurors unanimously found that he committed two or more of the alleged acts of sexual abuse, but the charge did not require the jurors to unanimously agree as to the specific acts that appellant committed.

Contrary to appellant's claim, the instructions did not allow for a non-unanimous verdict. The jury charge required the jury to unanimously agree that appellant committed two or more of the alleged acts of sexual abuse during the requisite time period. Numerous courts of appeals—including this one—have concluded that the "series" of acts of sexual abuse itself is the

7

key "element" of the offense for which jury unanimity is required; the individual acts of sexual abuse enumerated in the statute are simply the "manner and means" by which the series is committed. *See Navarro*, 535 S.W.3d at 165–66; *Ingram*, 503 S.W.3d at 748; *Fulmer*, 401 S.W.3d at 313; *McMillian*, 388 S.W.3d at 872–73; *Kennedy*, 385 S.W.3d at 732; *Casey*, 349 S.W.3d at 829; *Jacobsen*, 325 S.W.3d at 739; *Reckart*, 323 S.W.3d at 600–01; *Render*, 316 S.W.3d at 857–58. Thus, the statute does not allow a non-unanimous verdict on the elements of the offense. *See Navarro*, 535 S.W.3d at 165–66; *Ingram*, 503 S.W.3d at 748; *Fulmer*, 401 S.W.3d at 313; *McMillian*, 388 S.W.3d at 872–73; *Kennedy*, 385 S.W.3d at 732; *Casey*, 349 S.W.3d at 829; *Jacobsen*, 325 S.W.3d at 739; *Reckart*, 323 S.W.3d at 600–01; *Render*, 316 S.W.3d at 857–58. For that reason, the trial court's jury charge instructions in this case, which were consistent with the statute, did not allow a non-unanimous verdict on the elements of the offense.

Because the jury charge did not allow for a non-unanimous verdict, the trial court did not err in giving the complained-of instructions. *See Ingram*, 503 S.W.3d at 748; *Fulmer*, 401 S.W.3d at 313; *see also Parks v. State*, No. 14-14-00530-CR, 2015 WL 4775393, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, pet. ref'd) (mem. op., not designated for publication); *Perez v. State*, No. 05-12-00377-CR, 2013 WL 4568296, at *7 (Tex. App.—Dallas Aug. 26, 2013, pet. ref'd) (mem. op., not designated for publication). Accordingly, we overrule appellant's first point of error.

## CONCLUSION

The underlying acts of sexual abuse are different "manners and means" of committing the "series" element of the offense of continuous sexual abuse of a young child.

Thus, dispensing with jury unanimity as to the underlying acts of sexual abuse does not violate the constitutional jury unanimity requirement. Further, because the acts of sexual abuse enumerated in the statute are morally and conceptually equivalent, the lack of unanimity on the acts of sexual abuse does not violate due process or due course of law. Consequently, the statute is not unconstitutional on its face or as applied to appellant. Because the statute is not unconstitutional, the trial court did not err in instructing the jury in the court's jury charge that, consistent with the statute, the jurors did not need to be unanimous as to the underlying acts of sexual abuse. Accordingly, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: October 16, 2019

Do Not Publish