

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00294-CR

**DESIDERIO GONZALES, JR.,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

---

**From the 85th District Court
Brazos County, Texas
Trial Court No. 17-00458-CRF-85**

---

## MEMORANDUM OPINION

---

Appellant, Desiderio Gonzales Jr., was convicted of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. In three issues, appellant argues that: (1) section 21.02 of the Texas Penal Code is unconstitutional as applied to him; (2) the trial court erred by denying his requested instruction on the lesser-included offense of indecency with a child by contact as to one incident allegedly occurring in Robertson

County, Texas; and (3) article 38.37, section 2(b) of the Code of Criminal Procedure is unconstitutional as applied to him.  We affirm.

## Background

Appellant was charged by indictment with continuous sexual abuse of a young child.  *See id.*  The original indictment alleged a total of three sexual acts against three child victims.  Later, the State reindicted appellant, alleging that, between August 11, 2011, and May 1, 2016, in Brazos County, he committed two or more acts of sexual abuse against J.N., A.N., and A.W., children that were younger than fourteen years of age at the time the acts of sexual abuse were committed.  More specifically, appellant allegedly committed two acts of aggravated sexual assault against J.N., two acts of aggravated sexual assault against A.N., and one act of aggravated sexual assault and one act of indecency with a child by contact against A.W.  The State later abandoned one of the allegations of aggravated sexual assault against J.N.  Thus, the State proceeded to trial on a total of five alleged predicate acts against three child victims.

At the conclusion of the evidence, appellant moved for a directed verdict, arguing that section 21.02 of the Texas Penal Code and article 38.37, section 2(b) of the Code of Criminal Procedure are unconstitutional.  The trial court denied appellant's motion for directed verdict.  Thereafter, during the charge conference, appellant requested an instruction on the lesser-included offense of indecency with a child as to A.N., arguing that the instruction was required based on A.N.'s testimony about an incident where

appellant purportedly touched her vagina with his hand at a house in Franklin, Texas, which is in Robertson County. The trial court denied appellant's request.

The jury convicted appellant of continuous sexual abuse of a child. Appellant elected for the trial court to assess punishment. At the conclusion of the punishment hearing, the trial court sentenced appellant to life in prison in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

**As Applied Constitutional Challenge to Section 21.02 of the Texas Penal Code**

In his first issue, appellant contends that section 21.02 of the Texas Penal Code is unconstitutional as applied to him because it lowers the State's burden of proof by not requiring the members of the jury to agree unanimously on which specific acts of sexual abuse were committed by the defendant. *See* U.S. CONST. amends. VI, XIV; *see also* TEX. CONST. art. I, §§ 10, 19; *id.* art. V, § 13.

STANDARD OF REVIEW

A statute may be challenged as unconstitutional either "on its face" or "as applied." *McCain v. State*, 582 S.W.3d 332, 346 (Tex. App.—Fort Worth 2018, no pet.). The constitutionality of a statute is a question of law we review de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). We begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily and unreasonably in enacting it. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *Rodriguez v. State*,

93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The party challenging the statute has the burden

to establish its unconstitutionality. *Rosseau*, 396 S.W.3d at 557.

An "as applied" challenge to a statute argues that the claimant's particular

circumstances render the statute unconstitutional as to him. *McCain*, 582 S.W.3d at 346;

*see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) ("A litigant raising

only an 'as applied' challenge concedes the general constitutionality of the statute, but

asserts that the statute is unconstitutional as applied to his particular facts and

circumstances."). Appellant must show that, "in its operation, the challenged statute was

unconstitutionally applied to him; that it may be unconstitutional as to others is not

sufficient (or even relevant)." *Lykos*, 330 S.W.3d at 910.

DISCUSSION

In his motion for directed verdict, appellant argued that section 21.02 of the Texas

Penal Code is unconstitutional because it violates the constitutional requirement of a

unanimous jury verdict since it fails to require jury unanimity as to the underlying

specific acts of sexual abuse, and because it diminishes the State's burden of proof.

At trial, in the abstract portion of the guilt-innocence jury charge, the trial court

included an instruction on unanimity that was consistent with section 21.02(d):

> You are instructed that members of the jury are not required to agree
> unanimously on which specific acts of sexual abuse, if any, were committed
> by the defendant or the exact dates when those acts were committed, if any.
> The jury must agree unanimously that the defendant, during a period that
> was 30 or more days in duration, committed two or more acts of sexual
> abuse as that term has been previously defined.

*See* TEX. PENAL CODE ANN. § 21.02(d).

During the charge conference, appellant objected to the above instruction, asserting that it "allows the jury to find the defendant guilty based on a non-unanimous jury verdict and diminishes the State's burden of proof." The trial court overruled appellant's objection.

A person commits the offense of continuous sexual abuse of a young child if, during a period of thirty or more days, that person commits two or more acts of sexual abuse against a child younger than fourteen years of age. *Id.* § 21.02(b). An "act of sexual abuse" is an act that violates one or more specified penal laws, among them indecency with a child by sexual contact and aggravated sexual assault of a child. *Id.* § 21.02(c). A jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed" but must "agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* § 21.02(d).

Subsection(d) does not lower the State's burden of proof. *See, e.g., Ex parte Sandoval*, No. 04-20-00435-CR, 2021 Tex. App. LEXIS 5978, at *7 (Tex. App.—San Antonio July 28, 2021, no pet.) (mem. op., not designated for publication). In *Navarro v. State*, this Court noted:

> Jury unanimity is required in all criminal cases in Texas. Every juror must agree that the defendant committed the same, single, specific criminal act. However, there is a distinction between a fact that is a specific element of the crime and one that is but the means to the commission of a specific

element. Jurors must unanimously agree on all the elements of a crime in order to convict, but jurors need not agree on all underlying facts that make up a particular element. When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them.

. . .

Although the Court of Criminal Appeals has not specifically determined the constitutionality of this statute as to jury unanimity, the Court has discussed the legislative intent behind the statute, noting that it is the series of acts which constitutes the key element of the offense upon which jury unanimity is required rather than the specific acts of sexual abuse enumerated in the statute.

535 S.W.3d 162, 165 (Tex. App.—Waco 2017, pet. ref'd) (internal citations & quotations omitted). This Court then concluded that section 21.02 does not violate a defendant's constitutional right to jury unanimity because "the individual acts of sexual abuse are the manner and means by which the element of 'two or more acts of sexual abuse' is committed, and not elements in and of themselves." *Id.* at 166; *see Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.).[1] Many other Texas courts have

---

[1] In *Jacobsen*, the Austin Court of Appeals emphasized that:

Under the plain language of section 21.02, it is the commission of two or more acts of sexual abuse over the specified time period—that is, the pattern of behavior or the series of acts—that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict. The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manners and means by which the actus reus element is committed. When there is evidence of two or more acts of abuse over the specified time period, section 21.02(d) makes it clear that the jurors need not agree as to which individual acts were committed so long as they agree that the defendant committed at least two.

*Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.).

concluded similarly. *See Ingram v. State*, 503 S.W.3d 745, 748 (Tex. App.—Fort Worth 2016, pet. ref'd); *Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd); *McMillian v. State*, 388 S.W.3d 866, 872-73 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Kennedy v. State*, 385 S.W.3d 729, 732 (Tex. App.—Amarillo 2012, pet. ref'd); *Casey v. State*, 349 S.W.3d 825, 829 (Tex. App.—El Paso 2011, pet. ref'd); *Reckart v. State*, 323 S.W.3d 588, 600-01 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 857-58 (Tex. App.—Dallas 2010, pet. ref'd).

Because the jury is required under section 21.02(d) "to unanimously find that [appellant] committed two or more of the alleged acts of sexual abuse, his right to a unanimous jury verdict was not violated." *Jacobsen*, 325 S.W.3d at 739. Accordingly, we cannot say that the provisions of subsection (d) lowered the burden of proof by violating appellant's right to a unanimous jury verdict. *See Navarro*, 535 S.W.3d at 165; *Ingram*, 503 S.W.3d at 748; *Fulmer*, 401 S.W.3d at 313; *McMillian*, 388 S.W.3d at 872-73; *Kennedy*, 385 S.W.3d at 732; *Casey*, 349 S.W.3d at 829; *Jacobsen*, 325 S.W.3d at 737; *Reckart*, 323 S.W.3d at 600-01; *Render*, 316 S.W.3d at 857-58. As such, we conclude that section 21.02 is constitutional as applied to appellant. We overrule appellant's first issue.

## Lesser-Included Instruction

In his second issue, appellant asserts that the trial court erred by denying his request for an instruction in the jury charge on the lesser-included offense of indecency

with a child by contact as to the allegation involving A.N. in Robertson County. We disagree.

We review an allegation of jury-charge error by considering: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). The erroneous refusal to give a requested instruction on a lesser-included offense is subject to a harm analysis pursuant to *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *See Braughton v. State*, 569 S.W.3d 592, 613 (Tex. Crim. App. 2018); *Grey v. State*, 298 S.W.3d 644, 648 (Tex. Crim. App. 2009). If an error was properly preserved by requesting the challenged instruction, as was the case here, we reverse the conviction if the denial of the instruction resulted in some harm to the defendant. *Braughton*, 569 S.W.3d at 613; *Cornet v. State*, 417 S.W.3d 446, 449 (Tex. Crim. App. 2013). "Some harm" means actual harm and not merely a theoretical complaint. *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018). Reversal is required if the error was calculated to injure the rights of the defendant. *Id.* at 192; *see Almanza*, 686 S.W.2d at 171. In evaluating harm, we review the whole record, including the jury charge, the state of the evidence, the arguments of counsel, and other relevant information. *Almanza*, 686 S.W.2d at 171.

In *Braughton*, the Court of Criminal Appeals held that a jury's failure to find a defendant guilty of an intervening lesser-included offense can render the trial court's failure to give the requested charge harmless. 569 S.W.3d at 617; *see Masterson v. State*,

155 S.W.3d 167, 171 (Tex. Crim. App. 2005). The harm from denying a lesser-offense instruction stems from the potential to "place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer." *Masterson*, 155 S.W.3d at 171. Such a concern is not present in situations where another charged offense presents the jury with an available compromise, thereby giving the jury the ability to hold the wrongdoer accountable without having to find him guilty of the greater offense. *Id.*

Specifically, in *Braughton*, the jury was given a manslaughter instruction as a lesser-included offense to murder, but the trial court denied the defendant's request for an instruction on felony deadly conduct. 569 S.W.3d at 613. The *Braughton* Court concluded that the error, if any, was harmless:

> By its rejection of manslaughter, the jury signaled its legitimate belief that appellant was not merely reckless in bringing about Dominguez's death and that he did in fact harbor the requisite culpable mental state required for murder—that is, that he either intentionally or knowingly caused Dominguez's death, or intended to cause Dominguez serious bodily injury and intentionally or knowingly shot him.

*Id.* at 615.

We believe that the reasoning in *Braughton* applies similarly to the instant case. As mentioned above, appellant was charged with the offense of continuous sexual abuse of a young child. The jury heard evidence that appellant committed multiple sex acts against three child victims that were named in the indictment. The jury charge included instructions on the lesser-included offenses of aggravated sexual assault against J.N.,

Gonzales v. State                                                                                     Page 9

aggravated sexual assault against A.N.,[2] and aggravated sexual assault and indecency with a child against A.W. The jury convicted appellant of the greater offense—continuous sexual abuse of a young child—despite receiving instructions on the lesser-included offenses as to the three child victims. Even if the jurors believed that appellant only committed indecency with a child against A.N. during the Franklin incident, the finding of continuous sexual abuse of a young child demonstrates that they also found that appellant committed at least one other act of sexual abuse against the three child victims during a period of thirty days or more. This renders the purported charge error harmless because there is no realistic probability that the jury would have opted to convict appellant of only indecency with a child had it received such an instruction. *See Braughton*, 569 S.W.3d at 617 (holding that the denial of an instruction on a lesser-included offense is harmless when the record establishes no realistic possibility that the jury would have opted to convict of the lesser charge); *see also Linzey v. State*, Nos. 13-18-00353-CR & 13-18-00354-CR, 2020 Tex. App. LEXIS 2479, at **12-15 (Tex. App.—Corpus Christi Mar.

---

[2] A.N. testified that appellant licked her vagina with his tongue and touched her vagina with his hand at a house in Franklin. Appellant requested a lesser-included instruction on indecency with a child based on the touching allegation; however, the trial court denied the instruction based on the premise that Brazos County did not have jurisdiction over the Robertson County allegations. We note that the location or place where the sexual abuse was committed is not an element of the offense of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02; *see also Meraz v. State*, 415 S.W.3d 502, 505 (Tex. App.—San Antonio 2013, pet. ref'd). Moreover, the elements of continuous sexual abuse of a young child are not required to be committed in one county. See *Meraz*, 415 S.W.3d at 505. When continuing sexual abuse of a child is committed in more than one county, venue is proper in any of those counties. *See id.* Regardless, the indictment alleged and the jury charge only authorized the jury to convict upon proof of two or more acts of sexual abuse perpetrated by appellant during a period of at least thirty days in the county of prosecution—Brazos County.

26, 2020, no pet.) (mem. op., not designated for publication) (same). More specifically, had the jury received the requested instruction and believed that appellant committed indecency with a child during the Franklin incident, rather than aggravated sexual assault, appellant still would have been convicted of continuous sexual abuse of a young child because the jury believed that appellant committed at least one other sexual act against the child victims during a period of thirty days or more. We therefore conclude that the purported error in the jury charge did not cause appellant actual harm. *See Braughton*, 569 S.W.3d at 613; *Rogers*, 550 S.W.3d at 191; *Cornet*, 417 S.W.3d at 449. As such, we overrule appellant's second issue.

## Constitutionality of Article 38.37, Section 2(b) of the Texas Code of Criminal Procedure

In his third issue, appellant contends that article 38.37, section 2(b) of the Texas Code of Criminal Procedure is unconstitutional as applied to him. Specifically, appellant asserts that article 38.37, section 2(b) is unconstitutional because it violates a defendant's right to due process under the United States Constitution and to due course of law under the Texas Constitution. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. Appellant focuses this argument on the testimony of A.W., who recounted that appellant touched and squeezed her breasts one time when she was eight or nine years old.

In *Deggs v. State*, we addressed a virtually identical "as applied" challenge to article 38.37.[3] *See generally Deggs v. State*, No. 10-20-00068-CR, ___ S.W.3d.___, 2022 Tex. App. LEXIS 3390 (Tex. App.—Waco May 18, 2022, pet. ref'd) (publish). Specifically, the *Deggs* Court stated:

> Generally, evidence of an extraneous offense is inadmissible if offered to prove a person's character to show the person acted in conformity with that character. *See* TEX. R. EVID. 404(b). Notwithstanding rule 404(b), evidence that a defendant on trial for certain sex offenses against a child committed a separate sex offense against another child may be admissible under Section 2(b) of Code of Criminal Procedure Article 38.37. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). Pursuant to Article 38.37, the evidence is admissible for any relevant purpose, including as proof of the defendant's character and propensity to act in conformity with his character. *Id.*

> In an as applied constitutional challenge, the claimant "concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances*." Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018). Because a statute may be valid as applied to one set of facts and invalid as applied to a different set of facts, a litigant must show that in its operation, the challenged statute was unconstitutionally applied to him. *Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). We presume the statute is valid and the legislature did not act unreasonably or arbitrarily in enacting it. *Faust v. State*, 491 S.W.3d 733, 744 (Tex. Crim. App. 2015).

> The Due Process Clauses in the Fifth and Fourteenth Amendments prohibit states from depriving any person of life, liberty, or property, without due process of law. U.S. CONST. amends. V, XIV. The Due Process Clause requires that the prosecution prove, beyond a reasonable doubt, every element of the crime charged. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

---

[3] Appellate counsel in this case was also appellate counsel in *Deggs v. State*, No. 10-20-00068-CR, ___ S.W.3d ___, 2022 Tex. App. LEXIS 3390 (Tex. App.—Waco May 18, 2022, pet. ref'd) (publish).

Generally, an accused must be tried only for the offense with which he is charged and may not be tried for a collateral crime or being a criminal generally. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds, Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

This Court has held that Article 38.37, Section 2(b) is facially constitutional because of the protections set forth both in Article 38.37, Sections 2-a and 3 requiring timely notice prior to trial and a hearing conducted outside the presence of the jury for the trial court to determine that the evidence would be sufficient for a reasonable juror to find that the extraneous offense was committed beyond a reasonable doubt, with the requirement to conduct a Rule 403 balancing test upon request by the defendant. *See Gates v. State*, No. 10-15-00078-CR, 2016 Tex. App. LEXIS 2599, 2016 WL 936719, at *4 (Tex. App.—Waco Mar. 10, 2016, pet. ref'd) (mem. op., not designated for publication); *see also* TEX. R. EVID. 403. Although his arguments seem to express questions regarding the facial constitutionality of Article 38.37, Section 2(b), Deggs states that his complaint is limited to an "as-applied" challenge, and we will limit our analysis as well.

Deggs complains that Article 38.37, Section 2(b) is unconstitutional as applied to him in this proceeding because the protections provided by Rule 403 of the Rules of Evidence, which have been used as a basis to find the statute constitutional, were "illusory" as applied to him in this proceeding. He argues that the evidence should have been excluded pursuant to Rule 403, and that Rule 403's alleged protections are "illusory" because only one court of appeals has ever excluded evidence admitted pursuant to Article 38.37 on the basis of Rule 403. *See Perez v. State*, 562 S.W.3d 676, 686-88 (Tex. App.—Fort Worth 2018, pet. ref'd). He further argues that because the trial court questioned the necessity of a balancing test pursuant to Rule 403 during the Article 38.37, Section 2-a hearing, the trial court's ruling was insufficient.

The *Deggs* Court concluded that article 38.37, section 2(b) was not unconstitutional

as applied to Deggs because the,

trial court followed the statute's requirements and after hearing evidence and the arguments of counsel, determined that the evidence was sufficient for a reasonable juror to find that Deggs committed the extraneous offense beyond a reasonable doubt and that its probative value was not substantially outweighed by the danger of unfair prejudice or would mislead or confuse the jury.

Similar to *Deggs*, the trial court in this case followed article 38.37, section 2-a's requirements with respect to determining the admissibility of the extraneous-offense evidence. Specifically, the trial court conducted a hearing outside the presence of the jury and heard A.W.'s testimony. After hearing A.W.'s testimony, the trial court found that it was adequate to support a jury's finding beyond a reasonable doubt that appellant touched A.W.'s breasts. Furthermore, the trial court also considered and overruled appellant's objection under Texas Rule of Evidence 403. *See* TEX. R. EVID. 403. Moreover, the trial court provided a limiting instruction in the jury charge, instructing jurors that they could not consider the testimony that appellant touched A.W.'s breasts unless they first found beyond a reasonable doubt that he did so. Although appellant disagrees with these conclusions as will be discussed in the next issue, we do not find that article 38.37, section 2(b) is unconstitutional as applied to him. *See Estes*, 546 S.W.3d at 698; *Faust*, 491 S.W.3d at 744; *Lykos*, 330 S.W.3d at 910; *see also Deggs*, 2022 Tex. App. LEXIS 3390, at **4-9. We overrule appellant's third issue.

**The Testimony of A.W.**

In his fourth issue, appellant contends that the trial court erred by ruling that evidence of extraneous sexual conduct, specifically the testimony of A.W., was admissible

pursuant to article 38.37, section 2-a(1) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. Art. 38.37, § 2-a(1). Appellant also argues that the evidence does not support a finding that he committed the offense of indecency with a child by contact against A.W.

ARTICLE 38.37

At the trial of a defendant accused of, among other things, continuous sexual abuse of a young child, evidence of certain extraneous offenses committed by the defendant, including aggravated sexual assault, is admissible under section 2 of article 38.37 "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2; *Fahrni v. State*, 473 S.W.3d 486, 492 (Tex. App.—Texarkana 2015, pet. ref'd). Before evidence under article 38.37 is introduced, the trial judge must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

Appellant argues that the evidence from the hearing conducted by the trial court did not support a finding that he committed the offense of indecency with a child by contact against A.W. because she was the sole witness to testify about the extraneous

offense, she testified it occurred a single time, and because there was no other corroborating evidence.

In making the article 38.37, section 2-a threshold admissibility determination, the trial court was required to determine whether, if the jury were to believe the witness's testimony, that testimony would be sufficient to prove the commission of the extraneous offense beyond a reasonable doubt. *See id.* art. 38.37, § 2-a(1); *see also Deggs*, 2022 Tex. App. LEXIS 3390, at **9-10. An alleged victim's testimony, standing alone without corroboration, can be, and was in this instance, sufficient to prove an offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; TEX. PENAL CODE ANN. § 21.11(a); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *see also Deggs*, 2022 Tex. App. LEXIS 3390, at *10; *Mejia v. State*, No. 14-19-00432-CR, 2021 Tex. App. LEXIS 6563, at *26 (Tex. App.—Houston [14th Dist.] Aug. 10, 2021, no pet.) (mem. op., not designated for publication) ("Thus, where in the prosecution of indecency with a child by contact, the uncorroborated testimony of a child victim would be legally sufficient to support a conviction, the same uncorroborated testimony would be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt under article 38.37, § 2-a.").

We further note that in the article 38.37, section 2-a hearing, the trial court is the fact finder and as such, is the sole arbiter of the credibility of the witness and the weight given to her testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1979); *see*

*Deggs*, 2022 Tex. App. LEXIS 3390, at \*10.  As fact finder, the trial court resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences therefrom. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  We presume that the trial court found A.W.'s testimony to be credible and gave weight to her testimony.  *See Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013); *see also Deggs*, 2022 Tex. App. LEXIS 3390, at \*11.  Accordingly, we conclude that the trial court did not abuse its discretion following the article 38.37, section 2(b) hearing by finding that A.W.'s testimony would be adequate to support a finding by the jury that appellant committed the extraneous offense beyond a reasonable doubt under article 38.37, section 2-a(1).  We overrule this part of appellant's fourth issue pertaining to article 38.37.

TEXAS RULE OF EVIDENCE 403

Under article 38.37, evidence of extraneous offenses against other children is admissible even if such evidence would be otherwise inadmissible under Texas Rules of Evidence 404 or 405.  TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).  However, the admission of evidence under article 38.37 "is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice."  *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd); *see* TEX. R. EVID. 403.

Rule 403 of the Texas Rules of Evidence allows the exclusion of relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Appellant complains on appeal that the probative value of the extraneous-offense evidence was substantially outweighed by the danger of unfair prejudice.

Probative value refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence. *Valadez v. State*, No. PD-0574-19, 2022 Tex. Crim. App. LEXIS 217, at *11 (Tex. Crim. App. Mar. 30, 2022) (publish). Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). However, evidence may be unfairly prejudicial if it prompts the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Valadez*, 2022 Tex. Crim. App. LEXIS 217, at *11. Thus, a court must balance the probative force of the proffered evidence and the proponent's need for it against any tendency of the evidence to suggest a decision on an improper basis. *Id.* at **11-12.

A trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006). All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value (i.e., the

evidence is unfairly prejudicial) that Rule 403 is applicable. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

When conducting a Rule 403 balancing test, courts should consider: (1) the evidence's probative force; (2) the proponent's need for the evidence; (3) the evidence's potential to suggest a decision on an improper basis; (4) the evidence's tendency to distract the jury from the main issues; (5) any tendency for the jury to give the evidence undue weight because it has not been fully equipped to evaluate the evidence's probative force; and (6) the likelihood that presenting the evidence will consume an inordinate amount of time. *See Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

ANALYSIS

The probative force of A.W.'s testimony that appellant once touched her breast weighs in favor of admission. Not only was the testimony probative of appellant's character or propensity to commit sexual assaults on children, but the single extraneous act of indecency with a child offered against appellant was committed against A.W., who was already named in the indictment, and occurred during the same time period as the charged offense. *See Bradshaw*, 466 S.W.3d at 883 (noting that evidence of a separate sexual offense against a child admitted under article 38.37, section 2(b) is probative of a defendant's character or propensity to commit sexual assaults on children). This factor weighs in favor of admission.

As to the second factor, we find that the State demonstrated its great need for the evidence. On appeal, appellant emphasizes that A.W.'s testimony came late in trial, and the jury had already heard about approximately fifteen acts of sexual abuse against the three child victims. However, the record reflects that appellant consistently attacked the credibility of all three child victims and their family members to whom they reported the sexual abuse. Appellant repeatedly highlighted inconsistencies in the testimony, failures to report claims of abuse, and the fact that no one witnessed the abuse. We are mindful that "Rule 403 'should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or complainant in such 'he said, she said' cases [involving sexual assault.'" *Id.* at 883-84 (quoting *Hammer*, 296 S.W.3d at 562. Accordingly, we find that the second factor also weighs in favors of admission.

With respect to the third factor, we recognize that the inherently inflammatory and prejudicial nature of evidence of extraneous sexual offenses against children does tend to suggest a verdict on an improper basis. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd); *see also Deggs*, 2022 Tex. App. LEXIS 3390, at *15. This factor weighs against admission.

As to the fourth factor, the main issue in this case was whether appellant engaged in a course of conduct of sexual abuse of the three child victims alleged in the indictment. A.W. was one of those victims. Similar to *Deggs*, the jury was orally instructed that A.W.'s

testimony could only be considered if the jury determined, beyond a reasonable doubt, that the extraneous offense was committed and for the purpose of determining whether the State proved all the elements for the charged offense alleged in the indictment. *See Deggs*, 2022 Tex. App. LEXIS 3390, at \*\*15-16. The trial court gave a similar instruction in the jury charge. Thus, the trial court twice redirected the jury to the main issues in the case. We conclude that the fourth factor weighs in favor of admission.

The fifth factor refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence. *Gigliobianco*, 210 S.W.3d at 641. Here, A.W.'s testimony that appellant once touched her breasts was neither scientific nor technical and pertained to matters including victim credibility that could easily be understood by a jury. Thus, the fifth factor weighs in favor of admission.

As to the last factor, A.W.'s testimony that appellant once touched her breasts consisted of less than four of more than 500 pages of testimony. We find that the presentation of this evidence did not consume an inordinate amount of time. As was the case in *Deggs*, appellant acknowledges that the presentation of this evidence did not take up a significant amount of time, but emphasizes that the testimony had a greater impact than length alone because it was presented late in the trial. *See Deggs*, 2022 Tex. App. LEXIS 3390, at \*\*16-17. Regardless, in our review of this record, we conclude that the last factor favors admission.

Based on the foregoing, we cannot say there is a "clear disparity" between the danger of unfair prejudice posed by the complained-of evidence and its probative value. *See Hammer*, 296 S.W.3d at 555. Thus, we cannot conclude that the trial court abused its discretion by admitting the complained-of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); TEX. R. EVID. 403; *Gigliobianco*, 210 S.W.3d at 641-42. We overrule appellant's fourth issue.

## Conclusion

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.


STEVE SMITH
Justice


Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed August 17, 2022
Do not publish
[CRPM]

